**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**ANTHONY J. HUDSON**                                                        **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO. 2:06cv179KS-MTP**

**THE CITY OF LAUREL**                                                       **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on Motion for Summary Judgment **[#18]** filed on

behalf of the defendant and on Cross-Motion for Summary Judgment **[#46/47]** filed on

behalf of the plaintiff.  The court, having reviewed the motions, the responses, the

pleadings and exhibits on file, the briefs of counsel, the authorities cited, and being fully

advised in the premises, finds that the defendant's motion is well taken and should be

granted and that the plaintiff's motion is not well taken and should be denied.  The court

specifically finds as follows:

**FACTUAL BACKGROUND**

The plaintiff's Amended Complaint is nine pages long and, while vague, appears

to allege some type of conspiracy between Robert Palmer, a private citizen, and City of

Laurel Municipal Judge Cecelia Arnold.  The plaintiff's complaint makes claims alleging

various violations of federal constitutional rights against the City of Laurel as well as

claims pursuant to Mississippi law arising from an arrest warrant issued by Judge

Arnold upon the affidavit of Robert Palmer related to an alleged disturbance of the

peace by the plaintiff.

The plaintiff was apparently involved in a dispute with Robert Palmer and/or Precision Quick Lube located in Laurel, Mississippi, over work done on a vehicle owned or operated by Hudson.  On November 17, 2004, Robert Palmer signed an affidavit in the Municipal Court for the City of Laurel charging Hudson with disturbing the peace as a result of that dispute and its aftermath where the plaintiff allegedly continued to harass the business by threatening to picket it or to write letters to or articles in the local newspaper about the incident.

Upon review of the affidavit, Judge Arnold issued an arrest warrant for the plaintiff.  After being notified of the warrant by Laurel police officers, Hudson presented himself to the police department where he was released on a personal appearance bond.  Shortly thereafter, Hudson moved to recuse Judge Arnold who transferred the matter to the Jones County Justice Court.  After a trial in that court, the plaintiff was found not guilty of disturbing the peace and has filed a separate civil lawsuit against various private individuals involved in bringing the criminal charges in the Circuit Court of Jones County, Mississippi.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986).  The

existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." Id. "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).

In making its determinations of fact on a motion for summary judgment, the

Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden:  the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion. *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978). In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In Re Municipal Bond Reporting Antitrust Lit.* , 672 F.2d 436, 440 (5th Cir. 1982). To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda.

The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e), Fed.R.Civ.P.  *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'"  *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

The plaintiff is proceeding *pro se* and it is well-established that "pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers."  *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir.1981).  However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a [dismissal]."  *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001)(quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993)).

## THE PLAINTIFF'S COMPLAINT

The plaintiff has filed this action against only the City of Laurel but apparently accuses Judge Arnold, who is an independent judicial officer appointed by the Mayor and approved by the City Council of the City of Laurel, of the actions which led to his complaint.  The plaintiff makes no allegations against Judge Arnold individually, thus

this action against Judge Arnold in her official capacity is, in essence, against the City

of Laurel. *Monell v. Dept. of Social Services*, 436 U.S. 658, 690, n.55, 98 S.Ct. 2018,

56 L.Ed.2d 611 (1978); *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed. 2d

662 (1974) ;and *Familias Unidas v. Briscoe*, 619 F.2d 391 (5th Cir. 1980).  The liability

vel non for the actions complained of by the plaintiff will, thus, be discussed in that vein.


### SECTION 1983 LIABILITY

The plaintiff has filed his complaint alleging numerous violations of protected

constitutional rights in violation of 42 U.S.C. § 1983.   He must establish, as a

prerequisite to maintaining a Section 1983 claim, the following:

> (a) that the defendants were acting under color of state law, and
> (b) that while acting under color or state law, the defendants violated rights of the plaintiff that are protected by the United States Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535; 101 S.Ct. 1908, 1912; 68 L.Ed.2d 420 (1981);

*Augustine v. Doe*, 740 F.2d 322, 324 (5th Cir. 1984).

There is no question that he City of Laurel is a duly organized and existing

municipal corporation within the dictates of Mississippi law and is charged with acting

lawfully thereunder.  Judge Arnold, at all relevant times, was the duly appointed and

approved Municipal Judge for the City and was acting within the course and scope of

her official duties as a judicial officer for the City and within the confines of the law of

the State of Mississippi.  The first requirement is thus met.  But the plaintiff must still

offer some proof that the City violated rights of the plaintiff that are protected by the

United States Constitution or laws of the United States.

## SECTION 1983 AND MUNICIPAL LIABILITY

The only defendant named in plaintiff's complaint is the City of Laurel upon which the plaintiff attempts to place vicarious responsibility for the alleged improper actions of Judge Arnold.  While, of course, a city may be deemed a "person" within the meaning of Section 1983, the Fifth Circuit has carefully set forth the standard which governs the imposition of municipal liability in such actions.  The court has held that

> A municipality is liable under Section 1983 for a deprivation of rights protected by the Constitution or federal laws that is inflicted pursuant to official policy.  Official policy is:
>
> 1.  A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policymaking authority;
>
> or
>
> 2.  A persistent widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.  Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policymaking authority.  Actions of officers or employees of a municipality do not render the municipality liable under Section 1983 unless they execute official policy as above defined.

*Webster v. Houston*, 735 F.2d 838, 841 (5th Cir. 1984).

"The policy is that of the city, however, where it is made by an official under authority to do so given by the governing authority."  *Bennett v. Slidell*, 728 F.2d 762, 769 (5th Cir. 1984).  "Policymakers act in the place of the governing body in the area of their responsibilities; they are not supervised except as to the totality of their

performance." *Id*. at 769.

As stated previously, in order to find a municipality liable in a Section 1983 action, the constitutional deprivation must result from the implementation or execution of a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers. This includes customs and usages which have become so persistent and widespread as to be permanent and well settled so as to constitute a custom or usage with a force of law. *See Monell, supra*.

The plaintiff's rambling complaint is less than perspicuous and while it mentions the "magic words" that the City had a "custom or policy" which led to the various alleged violations of his constitutional rights, there is absolutely no substance to support his claims. There is no such custom or policy identified nor any proof that such existed or harmed him in any way or was enacted, approved, adopted or promulgated by the City's governing body or by anyone with the responsibility to do so. Conclusory allegations are insufficient to support the plaintiff's claims.

To the extent that the plaintiff argues that the City and/or its various employees or officers are vicariously responsible for the actions of Judge Arnold simply by virtue of her execution of her official duties, a municipality cannot be held liable under Section 1983 on a *respondeat superior* theory. *Monell*, 436 U.S. at 690; and *Eugene v. Alief Indep. Sch. Dist.*, 65 F.3d 1299, 1303 (5th Cir. 1995). The same is true of supervisory officials In that there must be some connection between the actions of the defendants and the alleged constitutional violations. *See Baker v. Putnal*, 75 F.3d 190 (5th Cir. 1996); and *Hinshaw v. Doffer*, 785 F.2d 1260 (5th Cir. 1986). "Supervisory officials

may be liable only if: (i) they affirmatively participate in acts that cause constitutional deprivation; or (ii) implement unconstitutional policies that causally result in plaintiff's injury."  *Baker*, 75 F.3d at 199, (quoting *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992)).

Once again the plaintiff's proof on this issue is non-existent.  Simply making unfounded allegations is not sufficient to sustain the plaintiff's burden of showing that there is a genuine issue of material fact to warrant the continuation of this action to trial.


**ABSOLUTE IMMUNITY**

Regardless of the foregoing, the defendant has asserted that Judge Arnold is absolutely immune from suit by this plaintiff by virtue of the fact that she was acting under authority of the Municipal Court of the City of Laurel, Mississippi, when she executed the arrest warrant against the plaintiff.  The plaintiff responds that the judge was involved in some conspiracy to deprive him of various constitutionally guaranteed rights with the private individuals who executed the affidavit in support of the warrant and that the judge acted with malice against him.  He also argues in his brief, though not in his complaint, that the police officers of Laurel acted with complicity in this alleged conspiracy.

On the issue of absolute immunity of local government officials, the Fifth Circuit has stated "consequently we conclude that an official acting within the scope of his authority is absolutely immune from a suit for damages to the extent that the cause of action arises from his compliance with a facially valid judicial order issued by a court acting within its jurisdiction."  *Mays v. Sudderth*, 97 F. 3d 107, 113 (5th Cir. 1996).  It is

9

therefore clear that the arresting officers and court employees, to the extent the plaintiff

complains of their actions, are absolutely immune for the execution of the arrest warrant

on the plaintiff.

Regarding Judge Arnold's absolute immunity, the Supreme Court has held that

> Few doctrines were more solidly established at common law than
> the immunity of judges from liability for damages for acts committed
> within their judicial jurisdiction, as this Court recognized when it
> adopted the doctrine, in *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed.
> 646 (1872). This immunity applies even when the judge is accused
> of acting maliciously and corruptly, and it "is not for the protection
> or benefit of a malicious or corrupt judge, but for the benefit of the
> public, whose interest it is that the judges should be at liberty to
> exercise their functions with independence and without fear of
> consequences." (*Scott v. Stansfield*, L.R. 3 Ex. 220, 223 (1868),
> quoted in *Bradley v. Fisher*, supra, 349, note, at 350.) It is a judge's
> duty to decide all cases within his jurisdiction that are brought
> before him, including controversial cases that arouse the most
> intense feelings in the litigants. His errors may be corrected on
> appeal, but he should not have to fear that unsatisfied litigants may
> hound him with litigation charging malice or corruption. Imposing
> such a burden on judges would contribute not to principled and
> fearless decisionmaking but to intimidation.

*Pierson v. Ray*, 386 U.S. 547, 553-54, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967).

### *CIVIL CONSPIRACY*

The plaintiff has also made a broad allegation of a civil conspiracy, alluded to

above, to violate the plaintiff's enumerated constitutional rights.  "The elements of civil

conspiracy are: (1) an actual violation of a right protected under § 1983 and (2) actions

taken in concert by the defendants with the specific intent to violate the aforementioned

right." *Kerr v. Lyford*, 171 F.3d 330, 340 (5th Cir. 1999)(partially abrogated on other

grounds by *Castellano v. Fragozo*,352 F.3d 939 (5th Cir. 2003)(and citing *Cinel v.*

*Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994)).  The record does not disclose any

evidence that Judge Arnold acted in concert with the specific intent to violate the

plaintiff's enumerated rights.  The conspiracy claim is simply devoid of support in the

record considered by the court.


### STATE LAW CLAIMS

Supplemental jurisdiction under 28 U.S.C. § 1367 is a codification of the ancillary

and pendent jurisdiction doctrines.  Section 1367(a) provides:

> Except as provided in subsections (b) and (c) or as expressly provided
> otherwise by Federal statute, in any civil action of which the district courts
> have original jurisdiction, the district courts shall have supplemental
> jurisdiction over all other claims that are so related to claims in the action
> within such original jurisdiction that they form part of the same case or
> controversy. . .

If the court dismisses the federal claims, the court may properly decline

jurisdiction over the state law claims under Subsection (c) of § 1367.  Section 1367(c)

provides:

> The district courts may decline to exercise supplemental jurisdiction over a
> claim under subsection (a) if --
>
>> (1) the claim raises a novel or complex issue of state law,
>>
>> (2) the claim substantially predominates over the claim or claims over
>> which the district court has original jurisdiction,
>>
>> (3) the district court has dismissed all claims over which it has original
>> jurisdiction, or
>>
>> (4) in exceptional circumstances, there are other compelling reasons for
>> declining jurisdiction.

The rationale for declining supplemental jurisdiction once the federal claims are

dismissed derives from the doctrine it codified, i.e., pendent jurisdiction.  "It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right."  *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218, 228 (1966).  The exercise of pendent jurisdiction should be viewed consistent with considerations of judicial economy, convenience and fairness to the litigants.  *See Laird v. Bd.  of Trustees of Inst. of Higher Learning*, 721 F.2d 529 (5th Cir. 1983).  However, where the "federal claims are dismissed before trial, . . . the state claims should be dismissed as well."  *Gibbs* 383 U.S. at 726.

The court finds that it is dismissing all claims over which it had original jurisdiction and that there are no compelling circumstances which would warrant the exercise of supplemental jurisdiction over the remaining claims and any such state law claims should be dismissed without prejudice.

## CONCLUSION

The plaintiff has not come forward with any witnesses, records, statements or affidavits, or any evidence whatsoever, to support his charge against the City of Laurel. To defend against a proper summary judgment motion one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda.  The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed.R.Civ.P.  Therefore, the court is of the opinion that in the face of the defendant's properly supported motion for summary judgment, the plaintiff has failed to

point to any genuine issue of material fact requiring trial as to the defendant and the

defendant's Motion for summary judgment should be granted.  For the same reason,

the plaintiff's cross-motion should be denied.

The plaintiff has also filed a motion to reconsider **[#63]** an order entered by the

court on April 25, 2007 **[#62]** regarding the denial of IFP status for the plaintiff, among

other things.  In that motion, the plaintiff also, in the alternative, asks the court to rule on

the pending summary judgment motions.  That alternative request being accomplished

herein, leads the court to grant that request only and deny all other relief requested by

the motion.

IT IS THEREFORE ORDERED AND ADJUDGED that the defendant's Motion for

Summary Judgment **[#18]** is Granted and the plaintiff's federal claims are dismissed

with prejudice and his state claims are dismissed without prejudice.

IT IS FURTHER ORDERED AND ADJUDGED that the plaintiff's Cross-Motion

for Summary Judgment **[#46/47]** is Denied and that the plaintiff's Motion to Reconsider

**[#63]** is Denied except to the extent that the alternative relief requesting the court to

rule on the pending summary judgment motions is Granted and that all other pending

motions are denied as moot.  A separate judgment shall be entered herein in

accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 2nd day of May, 2007.


*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE